UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA P., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 1:21-cv-00210-JAW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant ) | |

**ORDER ON MOTION TO AMEND**
**REPORT AND RECOMMENDED DECISION**

Last month, I recommended that the Court vacate the administrative law judge's (ALJ's) decision denying the Plaintiff disability benefits and remand this matter for further proceedings. *See* Report and Recommended Decision (ECF No. 17).[1] The Plaintiff now moves to amend my recommended decision "to specify that the period under consideration on remand is the period" from May 2, 2018[2] (the date she applied for benefits), to November 3, 2020 (the date of the ALJ's decision under review). *See* Motion (ECF No. 18). She argues that such specification is necessary to prevent the ALJ from reexamining a subsequent grant of benefits effective November 4, 2020. *See id.*

---

[1] The ALJ's decision was the final decision of the Commissioner. *See* Recommended Decision at 2.
[2] The Plaintiff inconsistently refers to her date of application as both May 8, 2018, and May 18, 2018. *See* Motion at 1, 3; Reply (ECF No. 21) at 7. The Commissioner does not address this aspect of the Plaintiff's request, *see* Opposition (ECF No. 20), but I note that the ALJ listed the Plaintiff's date of application as May 2, 2018, *see* Record at 23. The record is not entirely clear, but the Plaintiff accepted May 2, 2018, as the correct date in her statement of errors, *see* Statement of Errors (ECF No. 11) at 2, so I will use that date.

1

The Commissioner opposes the Plaintiff's request on the basis that it would improperly restrain the Social Security Administration's (SSA's) authority to reopen a determination or decision. *See* Opposition at 2. The Commissioner acknowledges that this Court has granted similar motions in the past but contends that those decisions should be overruled primarily because they are inconsistent with the procedures outlined in the SSA's Hearings, Appeals, and Litigation Law Manual ("HALLEX"). *See id.* at 9-12.

Having carefully considered the Commissioner's arguments, I am not persuaded that I should depart from this Court's well-established precedent on this issue. *See Heather B. v. Saul*, No. 2:19-cv-00484-JDL, 2020 WL 5106585, at *1-2 (D. Me. Aug. 31, 2020) (collecting cases and limiting the temporal scope of the recommended remand over the Commissioner's objection), *aff'd*, 2020 WL 6163126 (D. Me. Oct. 21, 2020); *see also Daniel R. L. v. Saul*, No. 1:20-cv-00258-DBH, 2021 WL 2801954, at *6 (D. Me. July 5, 2021) (rec. dec.) ("[T]he HALLEX does not have the force of law . . . ."), *aff'd sub nom.*, *Daniel R. L. v. Kijakazi*, 2021 WL 3115820 (D. Me. July 22, 2021). Rather, "[i]n keeping with this [C]ourt's precedent when claimants have raised similar concerns," *Dishman v. Colvin*, No. 2:16-cv-00082-JAW, 2017 WL 238419, at *1 (D. Me. Jan. 19, 2017) (rec. dec.), *aff'd*, 2017 WL 499892 (D. Me. Feb. 7, 2017), I **GRANT** the Plaintiff's motion and hereby amend my recommended decision to limit the review on remand to the period from May 2, 2018, to November 3, 2020.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: August 23, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge